**IN THE UNITED STATE DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSHUA BOOZE,** | : | **No. 1:12-cv-01307** |
| **Plaintiff,** | : | |
| | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **JOHN WETZEL, et al.,** | : | **(Magistrate Judge Schwab)** |
| **Defendants.** | : | |

**MEMORANDUM**

Pending before the Court is Magistrate Judge Schwab's Report and Recommendation (Doc. No. 45) and Plaintiff's objections thereto (Doc. No. 51). For the reasons that follow, the Court will adopt Magistrate Judge Schwab's Report and Recommendation.

## I. BACKGROUND

On July 9, 2012, Plaintiff Joshua Booze, proceeding pro se, filed a civil rights complaint against seventeen defendants, all of whom were employed by either the Pennsylvania Department of Corrections, State Correctional Institution at Coal Township, or State Correctional Institution at Smithfield. In his complaint, Plaintiff alleges that from April 2011 to February 2012, Defendants ignored his grievances, denied him access to legal materials regarding his petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), and confiscated or purposefully lost his legal materials to punish him for previously filing grievances. (Doc. No. 1.) Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. No 21.) On November 12, 2013, Magistrate Judge Schwab issued a Report and Recommendation wherein she recommended that the Court grant Defendant's motion to dismiss. (Doc. No. 45 at 24.) Magistrate Judge Schwab further

recommends that the Court grant Plaintiff leave to amend his complaint. (Id.) Plaintiff filed his objections to the Report and Recommendation on December 9, 2013. (Doc. No. 51.) The matter is now ripe for disposition.[1]

## II. DISCUSSION

### A. Defendants: Official Capacity Claims

Plaintiff seeks to assert damages claims against Defendants in their official capacities as prison officials. (Doc. No. 1 ¶¶ 5-21.) Magistrate Judge Schwab recommends that claims against all defendants in their official capacities should be dismissed because Eleventh Amendment sovereign immunity bars suit against a state in federal court. (Doc. No. 45 at 13); Pennhurst State Sch.& Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984). The Eleventh Amendment to the United States Constitution grants sovereign immunity to states and state agencies, protecting them from suit brought in federal court by their own citizens unless sovereign immunity is explicitly waived by the state. Alden v. Maine, 527 U.S. 706, 716 (1999).

Plaintiff objects on the grounds that Pennsylvania has waived immunity under 42 Pa. Cons. Stat. § 8541-8542(a) (2014). (Doc. No. 25 at 14.) However, Pennsylvania has explicitly stated that waivers within the meaning of those statutes are irrelevant for purposes of Eleventh

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed finding and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F. 2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(c); M.D. Pa. Local Rule 72.3.

Amendment sovereign immunity. 42 Pa. Cons. Stat. § 8521(b); 8522; see Flores v. Penn. Dep't of Corr., No. 12-1149, 2013 WL 2456011, at *6 (M.D. Pa. June 6, 2013). Because Pennsylvania has declined to waive its sovereign immunity, the Court lacks subject matter jurisdiction over Plaintiff's claims against the defendants in their official capacity. Therefore, the Court finds that the Report and Recommendation's conclusion is correct, overrules Plaintiff's objections on this point, and will dismiss Plaintiff's claims against all defendants in their official capacities.

    **B.**    **Defendants: Individual Capacity Claims**

        **1.**    **Personal Involvement**

Plaintiff seeks monetary, declaratory, and injunctive relief against Defendants Wetzel, Cloptoski, Whitesel, Robinson, Hollinbaugh, Varner and Williams in this action. (Doc. No. 1 at 11 ¶¶ 1-5.) Plaintiff alleges that his constitutional due process rights and right of access to the courts were violated because he was deprived of legal documents which he would have used to perfect a habeas corpus petition. (Id. at 1.) Plaintiff names Defendants Wetzel, Cloptoski, Whitesel, and Robinson in the complaint; however, he does not make any specific allegations regarding those defendants other than describing their official positions. (Doc. No. 1 ¶¶ 5-12.) Plaintiff also names Defendants Hollinbaugh, Varner, and Williams in the complaint, alleging that they were the prison officials responsible for reviewing his grievances and administrative appeals. (Id.) In the Report and Recommendation, Magistrate Judge Schwab recommends that the Court dismiss Plaintiff's claims against Defendants Wetzel, Cloptoski, Whitesel, Robinson, Hollinbaugh, Varner and Williams because Plaintiff makes no allegations concerning their personal involvement in the alleged events. (Doc. No. 45 at 15.)

Plaintiff objects on the grounds that Defendant Wetzel is the official who established

policies and regulations which resulted in the denial of Plaintiff's access to legal materials and is, therefore, personally involved. (Doc. No. 51 at 1.) Plaintiff further objects that Defendants Whitesel, Cloptoski, and Robinson are personally involved due to a failure to train and supervise other corrections officers under their control and that Defendants Hollinbaugh, Varner, and Williams had actual knowledge that Plaintiff's legal materials were wrongfully confiscated. (Id.)

The Court finds that the Report and Recommendation's conclusion is correct, and will dismiss Plaintiff's claims against Defendants Wetzel, Whitesel, Cloptoski, Robinson, Hollinbaugh, Varner, and Williams. In order to state a Section 1983 claim, a plaintiff must plead both that the conduct complained of was committed by a person acting under color of state law, and that the conduct deprived Plaintiff of a right, privilege, or immunity secured by the United States Constitution or the laws of the United States. Natale v. Camden Cnty. Corr. Facility, 318 F. 3d 575, 580-81 (3d Cir. 2003). Although Plaintiff claims that Defendant Wetzel established the policies and regulations which led to the alleged harm, a defendant in a Section 1983 claim against a state cannot be held responsible in his individual capacity for a violation of which he or she neither participated nor approved. Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). Plaintiff fails to claim that Defendant Wetzel was involved in or had actual knowledge of the confiscation or his legal materials, instead, he alleges that Defendant Wetzel merely instituted general prison policies. (Doc. No. 1 ¶ 5)

The Court also rejects Plaintiff's argument that Defendants Whitesel, Cloptoski, and Robinson were personally involved because they failed to properly train and supervise the officers under their control. (Doc. No. 51 at 1-2.) Generally a plaintiff must allege that the supervising official participated in the act, directed subordinates to carry out the act, or had

4

actual knowledge of and acquiesced to the act.  Smith v. Kuzo, No. 08-1277, 2010 WL 4916075, at *25-26  (M.D. Pa. Sept. 7, 2010) (citing Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997) and Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995)).  A supervising officer's "failure to train, supervise, or discipline subordinate officers" is insufficient to establish liability for alleged civil rights violations absent the knowledge or acquiescence of the supervisor.  Mobley v. City of Atl. City Police Dept., No. 97-2086, 2000 WL 363692, at *3 (D.N.J. March 30, 2000 (citing Brown v. Grabowski, 922 F.2d 1097, 1119-20 (3d Cir.1990)).  Accordingly, because Plaintiff asserts only that Defendants Whitesel, Cloptoski, and Robinson were negligent in training and supervising subordinate corrections officers, he has failed to state a claim against them in their individual capacities.

With respect to Plaintiff's argument that Defendants Hollinbaugh, Varner, and Williams were personally involved with the confiscation of his legal materials, because he sent a copy of all confiscation slips to them when he filed his grievances, the Court must also reject this objection.  (Doc. No. 51 at 2.)  The existence of the grievance system constitutes an adequate post-deprivation remedy of which Plaintiff availed himself.  Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410.  Plaintiff asserts only that these Defendants reviewed his request pursuant to administrative policy and does not claim that they affirmatively denied him access to his materials.  (Doc. No. 51 at 2.) Thus, Plaintiff does not allege that Defendants Hollinbaugh, Varner, and Williams were personally involved in any of the events of the underlying claims.

Having reviewed Plaintiff's objections, the Court finds that the Report and Recommendation's conclusion is correct, and will dismiss Plaintiff's claims against Defendants Wetzel, Cloptoski, Whitesel, Robinson,  Hollinbaugh, Varner, and Williams in their individual

capacities without prejudice. In his objections, Plaintiff asserts only that Defendants acted in a supervisory capacity by making general prison policy, training other officers, or reviewing the outcome of grievance claims. (Doc. No. 51 at 1-2.) Accordingly, the Court finds that Plaintiff failed to show the necessary personal involvement by these defendants and will overrule Plaintiff's objections on this point.

### 2. Retaliation Claims

Plaintiff seeks monetary relief against Defendants Irvin, Schoop, Meyers, and Fisher in their individual capacities on the grounds that they retaliated against him for filing grievances against corrections employees and officers. (Doc. No. 1 at 11 ¶¶ 4-5.) In the Report and Recommendation, Magistrate Judge Schwab recommends that the Court should dismiss Plaintiff's retaliation claims against Defendants Irvin, Schoop, Meyers, and Fisher because Plaintiff failed to sufficiently plead causation. (Doc. No. 45 at 16-17.) Magistrate Judge Schwab reasoned that because Plaintiff failed to allege that any defendants other than Meyers had knowledge of his prior grievances, there was no "pattern of antagonism" which would suggest retaliatory conduct. See Motto v. Wal-Mart Stores East, LP, No. 11-2357, 2013 WL 1874953, at *8 (E.D.Pa. May 13, 2013) (citations omitted).

Plaintiff objects on the grounds that he sent a copy of the order of the court regarding his PCRA petition to Defendant Fisher, who then failed to return Plaintiff's legal materials. (Doc. No. 51 at 2.) Because of Defendant Fisher's inaction, Plaintiff alleges that he was unable to perfect a habeas corpus appeal to the federal court. (Id.)

The Court finds that the Report and Recommendation's conclusion is correct, and will dismiss Plaintiff's claim against Defendant Fisher. In order to establish a retaliation claim

against a government actor, a plaintiff must allege that: "(1) he was engaged in constitutionally protected conduct, (2) 'he suffered some 'adverse action' at the hands of the prison officials'; and (3) 'his constitutionally protected conduct was 'a substantial or motivating factor' in the decision' to take that action." Bistrian v. Levi, 696 F.3d 352, 376 (3d Cir. 2012) (citations omitted); see also Brown v. Hannah, 850 F. Supp. 2d 471, 479 (M.D. Pa. 2012). Plaintiff alleges that Defendants Irvin, Fisher, Meyers, and Schoop confiscated or otherwise deprived him of his legal materials in retaliation for prior grievances. (Doc. No. 1 ¶¶ 28, 57, 63-64.) Although the filing of grievances within the prison system is constitutionally protected, Plaintiff fails to allege facts that would establish a "pattern of antagonism" or that any of the Defendants aside from Defendant Myers even knew about his previously filed grievance. (Doc. No. 51 at 2.) In his objection, Plaintiff merely reiterates that Fisher knew about his pending PCRA claim and that as a result of Fisher's inaction, Plaintiff lost the ability to perfect his habeas appeal. (Id.) This assertion fails to allege any prior antagonistic conduct by Defendant Fisher and further fails to show that Fisher had any knowledge of Plaintiff's previously filed grievances.

Similarly, Plaintiff argues that Defendant Meyers received legal affidavits regarding Plaintiff's habeas petition and that Plaintiff spoke to Defendant Meyers in an attempt to obtain his legal materials. (Id.) These facts, as presented, do not allege retaliation because they fail to suggest that Meyers' lack of response to the requests or grievances was motivated by retaliation. See Wicks v. Shields, 181 F. Supp. 2d 423, 428 (E.D. Pa. 2002). For these reasons, the Court finds that Plaintiff failed to demonstrate the element of causation in his claim for retaliatory conduct and will dismiss the claims against Defendants Irvin, Schoop, Meyers, and Fisher in their individual capacities without prejudice.

### 3. Access to Courts Claims

Plaintiff seeks monetary relief against all Defendants generally in their individual capacities denying him the right of access to courts by frustrating his ability to supplement a PCRA petition and file habeas corpus petition. (Doc. No. 1 at 11 ¶¶ 4-5.) Magistrate Judge Schwab recommends that Plaintiff's access to court claims be dismissed because Plaintiff failed to allege that his underlying claim was not frivolous. (Doc. No. 45 at 20.) Plaintiff objects, asserting that all Defendants played a role in the theft of his trial transcripts, the confiscation of legal materials violated his right of access to courts, and that he was unable to perfect his appeal without the legal materials. (Doc. No. 51 at 3.)

It is well settled "that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). However, prisoners need only be given a reasonably adequate opportunity of access to courts, not perfect access. Bieregu v. Reno, 59 F.3d 1445, 1454 (3d Cir. 1995); see also Boyd v. Petsock, 795 F. Supp. 743, 746 (W.D. Pa. 1992). Plaintiff fails in his allegations to demonstrate how the alleged deprivation of the legal materials caused his claim to be dismissed in the underlying action. Feliciano v. Dohman, No. 12-4713, 2013 WL 1234225 at *11 (E.D. Pa. Mar. 26, 2013). A plaintiff must allege actual harm by showing a causal connection between the deprivation and the dismissal of the underlying action. See Lewis v. Casey, 518 U.S. 343 (1996). Merely stating that a prisoner was deprived of legal materials is insufficient to show that the claims were non-frivolous. Monroe v. Beard, 536 F. 3d 198, 206 (3d. Cir. 2008). Moreover, Plaintiff also fails to allege that his underlying claims were non-frivolous or arguable; instead, he alleges only that his claim was denied and that he couldn't have perfected his claim without the papers. (Doc. No. 1

¶ 34 & Doc. No. 51 at 3). For these reasons, the Court will overrule Plaintiff's objections on this point and dismiss Plaintiff's access to courts claims without prejudice.

####    4.    Due Process Claims

Plaintiff seeks monetary relief against Defendants generally in their individual capacities for violating his Fifth and Fourteenth Amendment rights to due process by depriving him of legal materials. (Doc. No. 1 ¶¶ 4-5.)[2] Magistrate Judge Schwab recommends that the Court dismiss Plaintiff's Fifth Amendment claims with prejudice because the Fifth Amendment applies only to actions of or by the federal government, and Plaintiff has named only state actors in his complaint. (Doc. No. 45 at 20 (citing Citizens for Health v. Leavitt, 428 F. 3d 167, 178 n.11 (2005).) Magistrate Judge Schwab further recommends that the Court should dismiss Plaintiff's claims that Defendants violated his Fourteenth Amendment rights to due process because even if prison officials lost a prisoner's property, either negligently or intentionally, that act alone does not amount to a violation of the Fourteenth Amendment if the state makes a meaningful post-deprivation remedy available Hudson v. Palmer, 468 U.S. 517, 532 (1984) (citing Parratt v. Taylor, 451 U.S. 527 (1981)).

In his objections, Plaintiff alleges that Defendant Irvin failed to file the DC-154A Confiscation Slip pursuant to prison policy. (Doc. No. 51 at 3). Plaintiff asserts that this conduct amounts to an intentional deprivation of the legal materials by a prison official. Monroe, 536

---

[2] Although Magistrate Judge Schwab does not mention Defendants Workinger and Goss by name in the Report and Recommendation, Plaintiff makes similar accusations that Defendant Workinger deprived him of his due process rights by failing to file confiscation slips and inventory property. (Doc. No. 1 ¶ 67.) Further, Plaintiff makes no specific allegations regarding Defendant Goss aside from the blanket statement that all Defendants denied Plaintiff his due process rights. (Id. ¶ 73.) Therefore, the Court will dismiss Plaintiff's claims against Defendants Goss and Workinger without prejudice.

F.3d at 210. Because Plaintiff fails to allege that he was denied a meaningful post-deprivation remedy, the Court will overrule his objections on this point and dismiss Plaintiff's Fourteenth Amendment due process claims without prejudice.

## III.     CONCLUSION

The Court will adopt Magistrate Judge Schwab's Report and Recommendation, and dismiss Plaintiff's complaint in part. The Court will also grant Defendants' motion to dismiss claims against them in their official capacities, and remand the case to Magistrate Judge Schwab for further pre-trial proceedings. An order consistent with this memorandum follows.